## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**B & B BUILDERS & INVESTORS**    **CASE NO. 6:19-CV-00578**
**INC ET AL**

**VERSUS**    **JUDGE SUMMERHAYS**

**SHERIFFS OFFICE EAST BATON**    **MAGISTRATE JUDGE HANNA**
**ROUGE PARISH**

## <u>MEMORANDUM ORDER</u>

Before the court is Plaintiff's Motion for Appointment of Counsel. (Rec. Doc. 2). Plaintiff, proceeding *pro se*, seeks court-appointed counsel to assist him in the prosecution of this action against the East Baton Rouge Parish Sheriff's Office for defamation. Although Plaintiff alleges that 28 U.S.C. §4101 is applicable to this case, that provision is with regard to foreign judgments, which does not appear to apply to Plaintiff's factual allegations. Rather, Plaintiff alleges that Stanley Forbes filed a claim with EBRPSO for Residential Contractor Fraud, causing the issuance of a warrant on May 2, 2018. According to Plaintiff, the warrant was later recalled after the EBRPSO deputy realized that Forbes owed Plaintiff money for work he had done. In this suit, Plaintiff seeks damages for defamation due to the information set forth in the arrest warrant. (Rec. Doc. 1-2).

Initially, the Court questions the existence of jurisdiction. Although Plaintiff has alleged a cause of action under 28 U.S.C. §4104, that provision is a "definitions"

provision applicable to foreign judgments. Otherwise, there is no independent federal law claim for defamation, absent allegations which bring the claim within the ambit of §1983. See generally *Paul v. Davis*, 424 U.S. 693 (1976). Plaintiff has not alleged a federal or state actor caused him a constitutional deprivation or any other facts raising a federal question under §1331. Nor do Plaintiff's allegations reveal diversity of citizenship as required by §1332. The Court will separately consider jurisdiction.

This is a basic tort suit. While the court may, in exceptional circumstances, request that an attorney represent a plaintiff in a civil rights case (see *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir.1985); *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302 (1989); *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir.1982), and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir.1989)), the same cannot be said for ordinary lawsuits seeking damages such as the instant matter. See *Marler v. Adonis Health Prod.,* 997 F.2d 1141, 1143 (5th Cir.1993). Nonetheless, the Court has broad discretionary to request an attorney to represent a person unable to afford counsel pursuant to 28 U.S.C. 1915(e). In such cases, the plaintiff must show "exceptional circumstances." "The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individual bringing it." *Branch v. Cole*, 686 F.2d

264, 266 (5th Cir.1982). Additional factors include the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d. 190 (5th Cir.1992) *citing Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213 and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on her own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

In his complaint, Plaintiff attempts to set forth a claim for defamation arising out of an arrest warrant. Review of the pleadings demonstrates that plaintiff is able to adequately present his case and that it is unlikely that appointment of counsel will benefit the court. Plaintiff will not be asked to provide this court with legal analysis. Plaintiff has first-hand knowledge of the facts which form the basis of this action. No special legal knowledge is required of plaintiff, and the type of claim is not complex. Accordingly, plaintiff's Motion for Appointment of Counsel should be denied as the circumstances presented are not "exceptional" so as to warrant the appointment of counsel in what appears to be an ordinary tort action for damages.

-4-

**IT IS ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Rec. Doc. 2) is DENIED.

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 6th day of August, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE