UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| B & B BUILDERS & INVESTORS INC ET AL | CASE NO. 6:19-CV-00578 |
| VERSUS | JUDGE SUMMERHAYS |
| SHERIFFS OFFICE EAST BATON ROUGE PARISH | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

The Court has reviewed the Complaint in order to determine whether subject matter jurisdiction exists. The Court must consider subject matter jurisdiction *sua sponte* if not challenged by the parties. *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019). For the following reasons, the Court finds that subject matter jurisdiction is lacking and recommends that the case be DISMISSED WITHOUT PREJUDICE.

Plaintiff and Defendant, East Baton Rouge Parish Sheriff's Office (EBRPSO), are alleged to be citizens of Louisiana. (Rec. Doc. 1; 1-1). Thus, diversity jurisdiction is not available under 28 U.S.C. §1332, and the only other potentially applicable grounds for jurisdiction is based upon federal question pursuant to 28 U.S.C. §1331. Although Plaintiff alleges that 28 U.S.C. §4101 is applicable to this case, that provision is with regard to foreign judgments, which does not appear to apply to Plaintiff's factual allegations. Rather, Plaintiff alleges that Stanley Forbes filed a

claim with EBRPSO for Residential Contractor Fraud, causing the issuance of a warrant on May 2, 2018. According to Plaintiff, the warrant was later recalled after the EBRPSO deputy realized that Forbes owed Plaintiff money for work he had done. In this suit, Plaintiff seeks damages, including loss of credibility, loss of business, and loss of income, for defamation due to the information set forth in the arrest warrant. (Rec. Doc. 1-2).

There is no independent federal law claim for defamation, absent allegations which bring the claim within the ambit of §1983. See generally *Paul v. Davis*, 424 U.S. 693 (1976). In order to state a claim under §1983 (which would bring the case within the Court's jurisdiction), the plaintiff must show that a federal or state actor caused him a constitutional deprivation. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir.1995). Reputation alone, which lies at the heart of defamation claims, is not constitutionally protected. *Rosenstein v. City of Dallas, Tex.,* 876 F.2d 392, 396 (5th Cir.1989), *opinion reinstated in part,* 901 F.2d 61 (5th Cir.1990). Rather the plaintiff must show that he suffered the loss of a protected personal or property right, such as the right to be free from unwarranted searches and seizures, or protected employment rights. See *Paul, supra*.

Plaintiff did not allege that he was arrested, that he lost any state-issued license, or that he suffered from any other deprivation of constitutionally protected rights. Claims for mere reputational damages are tort matters over which this Court

has no jurisdiction absent requisite diversity under §1332, which is not present here. Hence, the Court finds that it lacks subject matter jurisdiction on the factual allegations as currently alleged. Accordingly, the Court recommends that the Complaint be DISMISSED WITHOUT PREJUDICE to Plaintiff's right to re-file alleging sufficient facts supporting subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

Signed at Lafayette, Louisiana on this 7th day of August, 2019.

```
                          _____
                          PATRICK J. HANNA
                          UNITED STATES MAGISTRATE JUDGE
```